**Eduarda LARA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75326.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 27, 2007 *.

Filed Sept. 6, 2007.

Murray D. Hilts, Esq., Law Offices of Murray Hilts, San Diego, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Joanne E. Johnson, Esq., San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY and THOMAS, Circuit Judges.

MEMORANDUM **

Eduarda Lara, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen deportation proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

In her opening brief, Lara fails to address, and thereby has waived any challenge to, the BIA's determination that her failure to depart within the voluntary departure period rendered her ineligible for the relief she sought. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding that issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not abuse its discretion in denying Lara's motion to reopen as untimely because it was filed more than three years after the BIA's final order of deportation and did not demonstrate that she qualified for any exceptions to the 90 day time limit. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within 90 days of final administrative order). Moreover, Lara did not show she was entitled to equitable tolling. *See Iturribarria*, 321 F.3d at 897 (filing deadline can be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.